**Efendi SUSANTO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–0862–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Laura McMullen Ford, Special Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Efendi Susanto, a native and citizen of Indonesia, seeks review of a January 27, 2005 order of the Board of Immigration Appeals ("BIA") denying Susanto's motion to reopen and to reconsider an October 25, 2004 order of the BIA denying Susanto's appeal from the March 25, 2003 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Efendi Susanto,* No. A95 459 875 (B.I.A. Jan. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

In his petition to this Court, Susanto does not contest the denial of his motion to reconsider. As a result, Susanto has waived any challenge based on that motion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

As to the motion to reopen, the BIA reasonably found that Susanto did not successfully challenge (in either his appeal or in his motion) the IJ's adverse credibility finding, but rather largely reiterated arguments that he made in connection with his appeal, and which the BIA had already evaluated. *Cf. Jin Ming Liu,* 439 F.3d at 111.

The BIA also reasonably found that Susanto had not "adequately demon-

strated meaningfully changed circumstances in Indonesia since the time of the hearing before the Immigration Judge to support reopening of [his] proceedings" pursuant to 8 C.F.R. § 1003.2(c)(1). Susanto's motion argued that certain background material established changed country conditions in Indonesia—i.e., "ever-worsening problem[s] in Indonesia with respect to the persecution of Christians and non-Muslims in general" at the hands of "extremist" Muslims. Although Susanto's brief discusses the alleged increased problems for non-Muslims, it makes no attempt to discuss persecution against Chinese in Indonesia. Further, Susanto's brief relies primarily on the 2002 State Department International Religious Freedom Report ("2002 Freedom of Religion Report") that was issued on October 7, 2002, five months before Susanto's final hearing before the IJ when the record was closed, and was in fact part of the record that the IJ considered. In addition, most of the documentation Susanto submitted with his appeal predates the closing of the record by the IJ, and much of Susanto's brief simply recounts existing conditions without showing how these conditions demonstrate an upsurge in religious persecution.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).